NEBRASKA BRIDGE SUPPLY & LUMBER CO., PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 2932, 13853.   Promulgated April 12, 1929.

*P. M. Clark, Esq.,* for the respondent.

OPINION.

MURDOCK: These two cases, one involving a deficiency in income and profits tax of the petitioner for the calendar year 1919 in the amount of $10,891.84, and the other a deficiency in its income and profits tax for the calendar year 1920 in the amount of $334.36, were consolidated for hearing. There was no appearance for the petitioner at the hearing. The cases were submitted to the Board for decision on the record. The sole question involved is whether county warrants received by the petitioner in prior years were admissible or inadmissible assets during the taxable years for the purpose of computing its invested capital.

· The petitioner, a Nebraska corporation having its principal office at Omaha, was engaged in the business of furnishing supplies for the construction of bridges, and in such business dealt to a large extent with counties and political subdivisions. When payment was due for such supplies it frequently received county warrants payable at future dates, varying from 60 days to 6 months from the time the accounts were due. It contends that the warrants received in prior years and held at the beginning of the taxable years should be included as admissible assets in computing its invested capital.

The parties have stipulated that the amount of the petitioner's net income for the year 1919 was $70,573.15, the invested capital for that year with county warrants considered as inadmissible assets was $358,996.01, the invested capital for 1919 prior to any deduction due to inadmissible assets was $409,794.08, and the amounts of county warrants at January 1, 1919, and at December 31, 1920, were $56,424.11 and $23,293.45, respectively.

The pertinent sections of the Revenue Act of 1918 are as follows:

SEC. 325. (a) That as used in this title—

\*   \*   \*   \*   \*   \*   \*

The term " inadmissible assets " means stocks, bonds, and other obligations (other than obligations of the United States), the dividends or interest from which is not included in computing net income, but where the income derived from such assets consists in part of gain or profit derived from the sale or other disposition thereof, or where all or part of the interest derived from such assets is in effect included in the net income because of the limitation on the deduction of interest under paragraph (2) of subdivision (a) of section 234, a corresponding part of the capital invested in such assets shall not be deemed to be inadmissible assets;

The term " admissible assets " means all assets other than inadmissible assets, valued in accordance with the provisions of subdivision (a) of section 326, section 330, and section 331.

\*   \*   \*   \*   \*   \*   \*

SEC. 213. That for the purposes of this title (except as otherwise provided in section 233) the term " gross income "—

\*   \*   \*   \*   \*   \*   \*

(b) Does not include the following items, which shall be exempt from taxation under this title:

\*   \*   \*   \*   \*   \*   \*

(4) Interest upon (a) the obligations of a State, Territory, or any political subdivision thereof, \* \* \*.

The definitions of admissible and inadmissible assets, as above set forth, were formulated by Congress in furtherance of its purpose to tax as excess profits, income from capital in excess of what it considered a normal return thereon. In carrying out this purpose, it provided that the capital upon which such normal return was computed should not include capital giving rise to income which was not taxable. See *Securities Investing Fund*, 1 B. T. A. 279.

The Commissioner in his deficiency letter determined that interest on the warrants held by the petitioner would not be taxable and that they were therefore to be classed as inadmissible assets in that they were " other obligations \* \* \* interest from which is not included in computing net income." Whether or not these warrants bore interest or whether interest was paid thereon is neither alleged nor stipulated.

In order to hold that these warrants were admissible assets, we would have to hold that interest on them should be included in computing net income. So far as we know, the Commissioner has never held that interest on any county warrants should be included in computing net income. If we reversed him in this case, the results would be far-reaching. The facts before us are meager and perhaps inadequate for a full consideration of the important question involved, but from what we know of the particular warrants in question, the Commissioner's determination that they were " other obligations \* \* \* interest from which is not included in computing net

income," which comes before us with the prima facie presumption of correctness, would appear to be correct. Cf. *Western Wheeled Scraper Co.*, 14 B. T. A. 496, and *Lake County* v. *Rollins*, 130 U. S. 662.

*Judgment will be entered for the respondent.*